IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis McCrea, | ) | Case No.: 4:24-cv-00761-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Michael Santomassimo, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 9.)  Plaintiff Travis McCrea ("Plaintiff" or "McCrea"), proceeding *pro se*, sued Defendant Michael Santomassimo ("Defendant" or "Santomassimo").  (DE 1.)  Plaintiff's complaint alleges:

1.) Defendant; failure to comply with instruction to tender payment by indorsement.

2.) Defendant; withheld forms of payment and repayment schedule over deadlines

3.) Defendant; Committed Security fraud

4.) Defendant; Fraudulently Created an identity theft alert to close me out of my account.

5.) Defendant; decision caused plaintiff to loss expense car insurance, light outages, late fees and penalties on other accounts.

6.) Defendant; Wrongfully, Knowingly Committed Criminal Behavior.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

(DE 1, p. 4) (errors in original).  Plaintiff believes this Court has federal question jurisdiction over his claims.  (DE 1, pp. 3-4).  With no further information than the six numbered allegations discussed above (*id.* p. 4), Plaintiff cites as the federal question jurisdictional basis:

> Bills of Exchange Act 1931, Banking Act 1933, Cestui Que Vi Act 1666, Nogitiable Instrument Act 1881, Federal Reserve section 16 (1-5) Notes, Federal Reserve section 29 Civil Money Penalty, TILA, 15 USC 1611 Criminal Liability for Willful and Knowing Violations, 15 USC 1601 finding and declaration of purpose, 28 USC 3002 Judgement, 12 USC 411 banks nature of obligation, 15 USC 1605 Determination of finance charge, 18 USC 1348 Security and Commodities, Federal Reserve Act 22 Offenses of examiners, member bank officers, and directors.

(*Id.* p. 3) (errors in original.)  For relief, Plaintiff seeks two million dollars, a FICO credit score of 800, and one million "[a]ccount back open with a [c]redit line . . . ." (*Id.* 4.)

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under a less stringent standard than those drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Accordingly, on February 28, 2024, the Magistrate Judge issued the Report based on his initial review of the pleadings.  The Report found that "[t]his court does not have federal question subject matter jurisdiction or diversity jurisdiction over Plaintiff's action based on the allegations presented in Plaintiff's Complaint." (DE 9, p. 8.)  Accordingly, the Report recommends the action be dismissed without prejudice and without issuance and service of process.  (*Id.* p. 4.)

Plaintiff responded by opposing the Report on March 13, 2024, via a document titled "Opposition to Motion for Summary Judgment" (DE 11); however, to be

actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute*.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After liberally construing McCrea's response to the Report, McCrea objects to the Report, stating:

> In the present case, there is a genuine issue of material fact, specifically. Section 27 of the Security Exchange Act of 1934 provides that federal courts" shall have exclusive jurisdiction" over "violations of [the act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the act] or the rules and regulations thereunder. "15 USC 78 aa(a) It is to my understanding if the administrative judge (AJ) honors this Summary Judgment I would be deprived of my Due Process, & Consumer Rights to stand a fair Jury Trial.

(DE 11, p. 4) (errors in original.) Whether there are genuine issues of material fact about Section 27 of the Security Exchange Act of 1934 does not forestall whether this Court has jurisdiction over the claims raised in McCrea's complaint. The Report comprehensively addresses the statutes McCrea believes are at issue and explains

why those statutes and claims do not confer federal question or diversity jurisdiction. For instance, as to McCrea's securities fraud claim, the Report states:

> As to 18 U.S.C. § 1348, "§ 1348 is a criminal securities and commodities fraud statute and does not create a private right of action." *CPI Amherst SFR v. Alexander*, 2023 WL 2620913, at *4 (E.D.N.C. Feb. 27, 2023), *report and recommendation adopted*, 2023 WL 2614540 (E.D.N.C. Mar. 22, 2023). As to "Federal Reserve Act 22 Offenses of examiners, member bank officers, and directors," this is codified in part at 12 U.S.C. § 503; this statute provides individual liability for directors of officers of a bank who knowingly violate 12 U.S.C. §§ 375, 374a, 375b, or 376 or 18 U.S.C. §§ 217, 218, 219, 220, 655, 1005, 1014, 1906, 1909. Plaintiff has not alleged jurisdictional facts to support a claim garnering federal question jurisdiction under these statutes.

(DE 9, pp. 7-8) (footnote omitted.)  The Court, thus, overrules McCrea's objection.

Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report (DE 9) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's action is dismissed without prejudice and without issuance and service of process.  Given the ruling here, the Court also denies as moot Plaintiff's Motion to Unfreeze Bank Account (DE 16).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 27, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4